**WO** KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clinton Joseph Slone,  )<br>            Petitioner, )<br>vs. )<br>Dora B. Schriro, et al., )<br>            Respondents. ) | No. CIV 05-3362-PCT-MHM (DKD)<br><br>**ORDER** |

On October 21, 2005, Petitioner Clinton Joseph Slone, presently confined in the Arizona State Prison Complex-Winslow, filed a Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner has paid the five dollar ($5.00) filing fee.

**Petition**

Arizona Department of Corrections Director Dora B. Schriro is named as a Respondent to the Petition and the Arizona Attorney General is named as an additional Respondent. Petitioner was convicted on January 30, 1999 in Yavapai County Superior Court for burglary and robbery.

Petitioner alleges two grounds for relief in support of the Petition: 1) his Fourth, Fifth, Sixth and Fourteenth Amendment rights were violated when the Arizona Department of

1  Corrections failed to subtract five hundred twenty-three (523) days from his sentence to
2  reflect his pretrial credits; and 2) his Fourth, Fifth, Sixth, and Fourteenth Amendment rights
3  were violated when the Arizona Department of Corrections erred in calculating his release
4  date.  Petitioner alleges that he has presented these claims to the Arizona Supreme Court.

A review of the Petition indicates an answer is required.  28 U.S.C. § 2254.

**IT IS THEREFORE ORDERED** as follows:

(1) A copy of the Petition For Writ Of Habeas Corpus By A Person In State Custody Pursuant to 28 U.S.C. § 2254 (Doc. #1) ("Petition") and this Order, shall be SERVED by the Clerk of the Court upon the Respondents by certified mail;

(2) Respondents shall answer the Petition within forty (40) days of the date of service. Respondent shall not file a dispositive motion in place of an answer, but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may constitute a waiver of the defense.  See Nardi v. Stewart, 354 F.3d 1134, 1140-41 (9th Cir. 2004); see also Morrison v. Mahoney, 399 F.3d 1042, 1045-47 (9th Cir. 2005).  If not limited to affirmative defenses, the answer shall fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases;

(3) Petitioner may file a reply within thirty (30) days from the date of service of the answer;

(4) A clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  See Local Rule of Civil Procedure 5.4.  **Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice to Petitioner**;

1   (5) Petitioner SHALL SERVE upon Respondents, or if appearance has been entered by counsel, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court. Petitioner shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Respondents or the counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the Court may be disregarded by the Court;

(6) At all times during the pendency of this action, Petitioner SHALL IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except that if Petitioner has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Petitioner shall serve a copy of the notice on all opposing parties. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b);

(7) This matter is referred to Magistrate Judge David K. Duncan for further proceedings and a report and recommendation.

DATED this 16th day of April, 2006.

_____
Mary H. Murguia
United States District Judge

TERMPSREF

- 3 -