IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clinton Joseph Slone,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro; Attorney General, State of Arizona,<br><br>    Respondents. | No. CIV 05-3362-PHX-MHM (DKD)<br><br>**ORDER** |

Petitioner Clinton Joseph Slone filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 21, 2005. (Dkt. #1). The matter was referred to Magistrate Judge David K. Duncan for Report and Recommendation. Following Respondent's Answer, Magistrate Judge Duncan filed his Report and Recommendation with this Court recommending that the Petition be denied and dismissed with prejudice. (Dkt. #11). Petitioner filed his objection on July 17, 2006. (Dkt. #12).

**I.     STANDARD OF REVIEW**

The Court must review the legal analysis in the Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation de novo for those facts to which Objections are filed. "Failure to object to a magistrate judge's recommendation waives all objection to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

## II. DISCUSSION

On July 7, 1998, Petitioner was sentenced to the following terms of imprisonment in Yavapai County Superior Court: two years, burglary in the third degree, a class four felony, (CR 930526); two years, burglary in the third degree, a class four felony, (CR930526); three years and six months, burglary in the second degree, a class three felony, (CR 940661); two years and six months, forgery, a class four felony, (CR 940661); two years and six months, attempted theft, a class four felony, (CR 940661). (Dkt. #8, Exh. A). Following the revocation of Petitioner's probation in CR 930526 and CR 940661, the trial court ordered concurrent terms in both cause numbers, with the sentences in CR 940661 to run consecutive to those imposed in CR 930526. (Dkt. #8, Ex. A).

On August 24, 1998, Petitioner filed a petition for post-conviction relief in CR 930526 and CR 940661 (Dkt. #8, Ex. B). On January 26, 1999, Petitioner pled guilty to armed robbery in CR 970758, and the trial court ordered the imposed sentence to be served upon the completion of the terms imposed in CR 930526 and CR 940661. (Dkt. #8, Ex. C, D). On January 27, 1999, Petitioner filed a petition for post-conviction relief, referencing all three cause numbers. (Dkt. #8, Ex. E). On March 13, 2000, the trial court dismissed the petition. (*Id.*). On August 6, 2004, Petitioner filed a second petition for post-conviction relief in CR 970758; on October 8, 2004, the trial court dismissed the petition. (Dkt. #8, Ex. G, H). Petitioner filed a petition for review on October 16, 2004, with the Arizona Court of Appeals which was denied on August 11, 2005; the Arizona Supreme Court denied his petition for review on February 13, 2006. (Dkt. #8, Ex. I, L. N). Petitioner filed the present Petition for Writ of Habeas Corpus on October 21, 2005. (Dkt. #1). The Magistrate Judge concludes that based upon this time table, Petitioner's Federal Petition is untimely under the AEDPA, 28 U.S.C. § 2244(d)(1)(A).

Section 2244(d)(1)(A) provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

- 2 -

      (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;...

The judgments of conviction became final in CR 930526 and CR 940661 on July 7, 1998, and in CR 970758 on January 26, 1999. However, "the time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." See § 2244(d)(2). The one-year period was tolled in CR 930526 and CR 940661 on August 24, 1998; it was tolled in CR 970758 on January 27, 1999, when he filed his post-conviction petition, referencing all three criminal cause numbers. It remained tolled until March 13, 2000, when the trial court dismissed the petition. Petitioner, therefore, had until March 13, 2001, within which to file his federal petition.

A review of the Yavapai County Superior Court docket indicates that Petitioner had nothing pending in state court from March 13, 2000, when his post-conviction petition was dismissed, until he filed his second petition for post-conviction relief on August 6, 2004. Once the limitations period lapsed in March 13, 2001, Petitioner could not "restart" the period by filing a state court action that could have tolled the limitations period, had it been timely filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Petitioner contends that he first learned that the Arizona Department of Corrections had "revoked his parole" in CR 930526 and had refused to award him 523 days of presentence incarceration credit when he received the affidavit of Kathleen O'Hare, the Time Computation Manager, dated December 10, 2004. (Dkt. #12). He argues that his petition is timely because the one-year period of limitations did not begin to run until December, 2004. (Dkt. #12). The Court disagrees. Petitioner was incarcerated on January 27, 1997. (Dkt. #10, Ex. D ). Petitioner was convicted on July 7, 1998, for CR 930526 and CR 940661. Petitioner was sentenced to two years of imprisonment for CR 930526. (*Id.*). As Ms. O'Hare's report reflects, Petitioner received 523 days of presentence incarceration credit and his sentence for CR 930526 expired on January 30, 1999. (*Id.*). Therefore, Petitioner

1  did not learn through due diligence, any new facts in December, 2004.  *See* U.S.C. §
2  2244(d)(1)(D).

3        Petitioner is also not entitled to equitable tolling.  He has not shown extraordinary
4  circumstances beyond his control which made it impossible for him to timely file.  <u>Green v.
5  White</u>, 223 F.3d 1001, 1003 (9th Cir. 2000).

6        The Court finds itself in agreement with the Report and Recommendations of the
7  Magistrate Judge.

8        **Accordingly,**

9        **IT IS HEREBY ORDERED** the Court adopts the Report and Recommendation of
10  the Magistrate Judge as the order of this Court.  (Dkt. #11).

11        **IT IS FURTHER ORDERED** that Petitioner's objection to the Report and
12  Recommendation is overruled. (Dkt.#12).

13        **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is denied
14  and dismissed with prejudice.  (Dkt.#1).

15        **IT IS FURTHER ORDERED** directing the clerk of the Court to enter judgment
16  accordingly.

17        DATED this 20th day of December, 2006.

_____
Mary H. Murguia
United States District Judge