**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| CLINTON JOSEPH SLONE, | ) | No. CV-05-3362-PHX-MHM |
| Plaintiff, | ) | **ORDER** |
| v. | ) | |
| DORA B. SCHRIRO, Attorney General, State of Arizona, | ) | |
| Defendant. | ) | |

      Currently before the Court is Petitioner Clinton Joseph Slone's motion for reconsideration of the Court's December 27, 2006 order adopting the July 5, 2006 Report and Recommendation of Magistrate Judge David K. Duncan. (Dkt. #15). After consideration of Petitioner's motion, the Court issues the following order.

      On January 11, 2007, Petitioner filed the instant motion for reconsideration of the Court's December 27, 2006 order pursuant to Rule 60(b) of the Federal Rule of Civil Procedure ("FRCP"). FRCP 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1985); see Sch. Dist. No. 1J, Multnomah County, Or. v. AC and S, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was

1  manifestly unjust, or (3) if there is an intervening change in controlling law."). A motion
2  for reconsideration may not be used to re-litigate old matters or to raise arguments or
3  present evidence that could have been raised prior to entry of judgment. See, e.g., Collins
4  v. D.R. Horton, Inc., 252 F.Supp.2d 936, 938 (D. Ariz. 2003) (citing Northwest
5  Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988)); 1
6  Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1 at 127-28. As
7  such, courts only grant motions for reconsideration in rare circumstances. See Sullivan v.
8  Faras-RLS Group, Ltd., 795 F.Supp. 305, 308-09 (D.Ariz. 1992).

9       Petitioner does not allege that the controlling law has changed since the Court
10 rendered its initial decision. Rather, Petitioner argues that the Court committed clear
11 error and acted manifestly unjust by adopting Magistrate Judge Duncan's July 5, 2006
12 Report and Recommendation as the order of the Court. However, the Court notes that its
13 December 27, 2006 order denied Petitioner's writ of habeas corpus on the basis that it
14 was barred by the statute of limitations and not tolled by the doctrine of equitable
15 estoppel (Dkt. #13, pp.3-4). Petitioner does not appear to address this basis for rejecting
16 his petition for habeas corpus in his motion for reconsideration. (Dkt. #15). Thus,
17 Petitioner's motion does not appear to in fact seek reconsideration of the Court's reasons
18 for rejecting his petition for writ of habeas corpus.

19      In addition, Petitioner's arguments merely reiterate, although more in-depth, the
20 arguments set forth in his petition for writ of habeas corpus. (Dkt. #1). These arguments
21 were considered by Magistrate Judge Duncan in his Report and Recommendation, as well
22 as in the Court's subsequent order adopting that Report and Recommendation. (Dkt. #11,
23 pp. 3-4; Dkt. #13, pp. 3-4). As such, Petitioner is not entitled to reconsideration of these
24 arguments. Collins, 252 F.Supp.2d at 938. A motion for reconsideration cannot be used
25 to ask the Court to rethink what the Court has already thought through merely because a
26 party disagrees with the Court's decision. Id. (citing United States v. Rezzonico, 32
27 F.Supp.2d 1112, 1116 (D.Ariz. 1998). Such disagreements should be dealt with in the
28

1 | normal appellate process, and not on a motion for reconsideration.  See Database Am.,
2 | Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993).
3 |     The instant action does not meet any of the narrow instances in which
4 | reconsideration is appropriate.  The moving party must show more than a mere
5 | disagreement with the Court's decision; the Court should not grant a motion for
6 | reconsideration unless there is need to correct a clear error or prevent manifest injustice.
7 | See, e.g., Database Am., Inc., 825 F. Supp. at 1220; Refrigeration Sales Co., Inc. v.
8 | Mitchell-Jackson, 605 F. Supp. 6, 7 (N.D. Ill. 1983).  As such, the Court finds that
9 | Petitioner has failed to set forth sufficient grounds to cause the Court to reconsider its
10 | December 27, 2006 order.
11 |     **Accordingly,**
12 |     **IT IS ORDERED** that Petitioner's motion for reconsideration is DENIED.  (Dkt.
13 | #15).
14 |     DATED this 31st day of March, 2008.

_____
Mary H. Murguia
United States District Judge